1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              Case No. 6:23-po-00029-HBK

12                  Plaintiff,              ORDER GRANTING DEFENDANT'S
                                            MOTION TO VACATE DEADLINES FOR
13          v.                              PRETRIAL MOTIONS

14   ANTHONY RAMIREZ,                       (Doc. No. 11)

15                  Defendant.

16

17          Pending before the Court is the Defendant's motion to extend the deadline for pretrial

18   motions.  (Doc. No. 11).  Defendant requests the Court vacate the June 27, 2023 Rule 12(b)(3) pretrial

19   motion deadline until after  the August 16, 2023 plea and sentence hearing if the Defendant elects to

20   proceed to trial.  (*Id*. at 2:24-26).  The Government does not oppose Defendant's motion.  (*Id*. at 2:21-

21   23).  For the reasons set forth below, Defendant's motion is granted.

22          Defendant was issued a bailable violation notice charging him with violating 36 C.F.R. § 4.2,

23   incorporating California Vehicle Code Section 12500(a) for driving without a license, a Class B

24   misdemeanor.  (Doc. No. 1).  When Defendant failed to appear at his initial appearance scheduled on

25   February 7, 2023, the Court issued a bench warrant and assessed Defendant a further $100.00 for

26   nonappearance.  (Doc. Nos. 2-4).  After Defendant appeared for his rescheduled initial

27   appearance/arraignment on March 21, 2023, the Court recalled the bench warrant, appointed counsel,

28   ordered discovery, and set the case for a first status conference for May 16, 2023.  (Doc. No. 7).  At

1   the May 16, 2023 status conference the parties confirmed discovery was complete but Defendant

2   requested to set this case for a second status conference so defense counsel could review discovery.

3   (Doc. No. 9).   At the June 13, 2023 second status conference, the Court tentatively set this case for a

4   plea and sentence hearing for August 16, 2023 and set a June 27, 2023 pretrial motion deadline.

5   (Doc. No. 10).  Neither party voiced any objections to the June 27, 2023 pretrial motion deadline.

6   (*Id*.).

7        Each magistrate judge maintains its own individual motion calendar.  Local Rule 430.1(a).

8   "The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to

9   make pretrial motions . . .."  Fed. R. Crim. P. 12(c).  Courts have broad discretion when granting or

10  denying motions to continue.  *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (citing

11  *Ungar v. Sarafite*, 376 US 575, 589 (1964); *see also United States v. Lujan*, 211 Fed. Appx 645 (9th

12  Cir. 2006) (unpublished opinion)).  Petty offenses, which include Class B misdemeanors, are not

13  subject to the constraints of the Speedy Trial Act set forth at 18 U.S.C. § 3161(d)(2).  *United States v.*

14  *Nickerson*, 731 F.3d 1009, 1014 (9th Cir. 2013) (collecting cases).  Nonetheless, there is nothing

15  prohibiting this Court from using the Speedy Trial Act as a guide to ensure the just and prompt

16  disposition of this case.  Fed. R. Crim. P. 50.  The rules of criminal procedure recognize "[t]here is

17  also a larger public interest in the prompt disposition of criminal cases which may transcend the

18  interest of the particular prosecutor, defense counsel, and defendant.  Thus, there is a need to try to

19  expedite criminal cases even when both prosecution and defense may be willing to agree to a

20  continuance or continuances."  Fed. R. Crim. P. 50 advisory committee's note to 1972 amendment.  In

21  considering whether to grant a continuance the Court considers: (1) when the request was filed; (2)

22  the reasons for the request; (3) the length of the request; (4) the number of continuances; and (5) the

23  general balance of convenience to the court and the parties.  *Id*.

24        This matter is set for a plea and sentence hearing on August 16, 2023.  Over 140 days will

25  have elapsed from Defendant's initial appearance/arraignment to the scheduled plea and sentence

26  hearing.  As a rule, the Court is not inclined to vacate a pretrial motions schedule for a case that has

27  been pending over 140 days.  Because "[t]he parties have not approached this case as though it is

28  going to trial, as it is anticipated that an agreement can be reached[,]" (Doc. No. 11 at 2:7-8) the Court

will grant Defendant's motion to vacate the June 27, 2023 pretrial motion deadline.  If, at the August 16, 2023 plea and sentence hearing, the Defendant elects to proceed to trial (as is his right), the Court will immediately set a trial date and reset the Rule 12(b)(3) pretrial motions deadline.

Accordingly, it is ORDERED:

Defendant's motion to vacate the deadlines for pretrial motions (Doc. No. 11) is GRANTED.


Dated:    July 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE